**FILED**

NOT FOR PUBLICATION

MAR 22 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-10690 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00370-AWT |
| v. | |
| RAYMOND NAUTA REYES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
A. Wallace Tashima, Circuit Judge, Presiding

Argued and Submitted December 5, 2006
San Francisco, California

Before: BRIGHT**, D.W. NELSON, and BERZON, Circuit Judges.

Raymond Nauta Reyes ("Reyes") appeals the denial of his motion to suppress, his jury trial conviction, and the sentence imposed for possession with intent to distribute in excess of 5 grams of methamphetamine, in violation of 21

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 841, possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9), and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Reyes contends, *inter alia*, that the court erred in denying his motion to suppress because Sgt. Shimabukuro did not have reasonable suspicion to stop him. We agree.

Sergeant Shimabukuro received an anonymous tip that a man named Ray Regis was selling drugs at the boat harbor.  The tipster described the vehicle driven by Regis as a white compact with license plate number KPC 207.  After receiving the call, Sgt. Shimabukuro immediately drove to the boat harbor.  When he arrived he saw two vehicles parked in an open space that was used as a parking lot.  Reyes' car was facing the roadway and the truck was parked next to him facing in the opposite direction presumably for the purpose of facilitating communication between the two drivers.  Sgt. Shimabukuro verified the license plate and color and type of vehicle, but remained confused by the name "Regis" because he did not know anyone by that name.

Sgt. Shimabukuro admitted that, when he arrived, he did not observe Reyes selling drugs or witness any transaction taking place between Reyes and the people in the truck. He also admitted that he did not see any hands reaching between the two vehicles through the windows or Reyes making any furtive movements that would indicate criminal activity. Rather than sitting back in hidden view and attempting to corroborate the allegations of the tipster, Sgt. Shimabukuro immediately exited his police car, ordered Reyes to put his hands on the steering wheel, and instructed the occupants of the truck to leave. Upon receiving such an order, a reasonable person would not have felt free to ignore the officer's order and go about his business. *Kaupp v. Texas*, 538 U.S. 626, 629 (2003). Therefore, for purposes of the Fourth Amendment inquiry, Reyes was seized. At this point, for Sgt. Shimabukuro to stop Reyes, he needed to have reasonable suspicion, which required "some objective manifestation that the person stopped [was], or [was] about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). It was not until Sgt. Shimabukuro approached the car *after* ordering Reyes to put his hands on the steering wheel that he recognized Reyes, who he knew as a person who had been investigated for domestic violence.

Thus, at the time of the stop, there were only two facts relevant to the reasonable suspicion determination: the anonymous tip and the manner and place where the vehicles were parked. The Supreme Court has explained that in order for an anonymous tip to be considered reliable and sufficient to raise reasonable suspicion, it must "contain[] a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted." *Alabama v. White*, 496 U.S. 325, 332 (1990) (internal quotation marks omitted). "Mere confirmation of innocent static details in an anonymous tip does not constitute corroboration." *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994); *see also Florida v. J.L.*, 529 U.S. 266, 272 (2000) ("An accurate description of a subject's readily observable location and appearance . . . does not show that the tipster has knowledge of concealed criminal activity."); *United States v. Morales*, 252 F.3d 1070, 1076-77 (9th Cir. 2001) (requiring for reliability that the tip include predictions of the suspect's future movements and that these future movements be corroborated).

In this case, the anonymous tip included a "range of details" about the type of vehicle, the license plate number, and the location of the parked vehicle that were corroborated by the police. Although the tip predicted the suspect's future movements, that he would be selling drugs, there was no corroboration of this

aspect of the anonymous tip. Sgt. Shimabukuro did not observe Reyes selling drugs or making any movements that would indicate drug activity. Instead, he observed two vehicles in an empty parking lot, which he determined to be unusual.

The manner and place in which the vehicles were parked in this case does not indicate drug activity, and was therefore not sufficient to corroborate the tip or independently raise reasonable suspicion. There is no evidence in the record that shows that Sgt. Shimabukuro drew on particularized knowledge about the *modus operandi* of drug traffickers in his determination that the manner and place in which the two vehicles were parked was unusual. In fact, when asked if there was anything unusual about people talking to each other from car to car in the boat harbor, the officer with greater experience in drug investigations, Officer Tada, responded during the suppression hearing, "not normally." We therefore hold that Sgt. Shimabukuro did not have reasonable suspicion to stop Reyes, and that the stop violated Reyes' Fourth Amendment rights.

Accordingly, all evidence seized as a result of the stop, including the firearm, the drug pipe, methamphetamine, digital scale, ziploc baggies, and blue cutting straw obtained from Reyes' person and vehicle, as well as the statements to the police the day after the encounter, should have been suppressed. *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963). We therefore reverse the district

court's ruling on the suppression motion in all respects and remand for the dismissal of the indictment because without the illegally-obtained evidence, the government's case fails. The remaining issues are moot in light of our reasonable suspicion determination.

**REVERSED** and **REMANDED**.

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

APR 1 3 2007

by: _____
Deputy Clerk